IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ERANOVA GLOBAL and MOUNIR SHITA,<br><br>        Plaintiffs,<br>  v.<br>STEVE TAYLOR,<br><br>        Defendant. | Case No.: 3:25-cv-00051-AN<br><br><br>OPINION AND ORDER |

      Plaintiffs EraNova Global ("EraNova") and Mounir Shita ("Shita") bring this action against defendant Steve Taylor, alleging violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and Economic Espionage Act, 18 U.S.C. § 1832. On January 10, 2025, plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction, ECF [4], as well as an Ex Parte Motion to Seal the Case for 45 Days, ECF [2], and Application for Leave to Proceed In Forma Pauperis, ECF [3]. Defendant has not been served or appeared in this case. For the reasons stated below, plaintiffs' motions are DENIED, and their complaint is DISMISSED.

## BACKGROUND

      This action arises from the parties' dispute over the ownership and direction of EraNova in its development of artificial general intelligence ("AGI") technology. Plaintiffs allege that Shita incorporated EraNova in Oregon in November 2024, after years of developing AGI technology, including while working at another company. Mot. for TRO & Prelim. Inj., ECF [4], at 4. Plaintiffs allege that defendant joined the company as a co-founder but that Shita remains sole shareholder. *Id.*

      Following disagreements over EraNova's vision and operations, plaintiffs allege that Shita emailed defendant on December 15, 2024, with two potential paths forward: (1) a "vertical integrations" strategy in which Shita would step down and support EraNova as an external consultant, and (2) a "vision via infrastructure" strategy maintaining the original AGI mission with additional leadership. Compl., ECF

[1], at 5; Mot. for TRO & Prelim. Inj. 7. Defendant allegedly gave a "hostile response" by accepting the first option, demanding Shita's immediate resignation as CEO and Chairman, requiring Shita to reduce his equity, attempting to assert joint control of intellectual property rights, and declaring himself as CEO. Mot. for TRO & Prelim. Inj. 7. Plaintiffs allege that Shita sent a December 18, 2024, email terminating defendant's role and involvement in EraNova, demanding that defendant delete all trade secrets and company materials, and setting a 48-hour deadline for compliance, as well as a December 20, 2024, email requiring proof of deletion of trade secrets and confirmation of compliance. *Id.* at 7-9. In response, plaintiffs allege that defendant falsely claimed ownership of EraNova and its intellectual property, demanded that Shita cease all company activities, and threatened legal action. *Id.* at 8-9. Plaintiffs argue that the "escalating sequence of events . . . creates an immediate need for court intervention to prevent unauthorized use or disclosure of EraNova's proprietary technology." *Id.*

The proposed temporary restraining order bars defendant and all persons acting in concert with him from using, disclosing, or otherwise misappropriating EraNova's trade secrets, proprietary technology, or confidential business information; developing competing technology using EraNova's proprietary information; and destroying, altering, or concealing any materials related to EraNova's trade secrets. *Id.* at 27. The proposed order also requires defendant to surrender all physical notebooks, documents, and materials containing EraNova information; submit electronic devices for forensic examination; provide access to all cloud storage accounts, email accounts, and other digital repositories that may contain EraNova information; identify any third parties to whom he may have disclosed or transmitted EraNova information; and preserve all EraNova-related materials. *Id.* Plaintiffs also request a waiver of the security requirement. *Id.* at 14, 27; *see* Fed. R. Civ. P. 65(c).

## DISCUSSION

A.   **Plaintiff EraNova's Purported Self-Representation**

As an initial matter, plaintiff EraNova, a corporation, purports to be self-represented. However, "[a] corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (citing *Rowland v. Cal. Men's Colony*, 506

U.S. 194, 202 (1993)).  To the extent that plaintiff Shita claims to also represent EraNova in this action, he may not do so because he is not a licensed attorney.  Accordingly, this case may not proceed, even if all the other issues are cured, until plaintiff EraNova is represented by counsel.

B.     **Leave to Proceed** *In Forma Pauperis*

In a similar vein, a corporation may not proceed *in forma pauperis*.  *Rowland*, 506 U.S. at 196.  The ability to proceed *in forma pauperis* is codified in 28 U.S.C. § 1915, which applies only to natural persons, not to artificial entities such as corporations.  *Id.*  Accordingly, plaintiff EraNova may not proceed *in forma pauperis*, and the Court denies plaintiffs' application.

C.     **Motion for Temporary Restraining Order and Preliminary Injunction**

Temporary restraining orders and preliminary injunctions are governed by the same legal standard.  Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977).  A plaintiff seeking a temporary restraining order must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the favor of the plaintiff; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008).

Federal Rule of Civil Procedure 65 provides that a court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).  A court may issue an *ex parte* temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ P. 65(b)(1). The issuance of *ex parte* temporary restraining orders is "extremely limited" because "'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974)).  Courts have recognized that issuance of an

3

*ex parte* temporary restraining order may be appropriate in limited circumstances "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" or "because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (internal quotation marks and citation omitted).

Plaintiffs argue that they are likely to succeed on the merits of their trade secret claims because EraNova's proprietary AGI technology constitutes legal protected trade secrets and defendant has misappropriated these trade secrets. Plaintiffs also argue that they will suffer immediate and irreparable harm in the form of economic harm and personal safety and corporate security risks. As for economic harm, plaintiffs argue that unauthorized use or disclosure of EraNova's trade secrets will damage EraNova's competitive standing, reputation, and ability to attract investment. As for safety and security risks, plaintiffs argue that the "strategic significance of AGI technology" would likely make plaintiffs "prime targets for foreign intelligence operations," Mot. for TRO & Prelim. Inj. 5-6, and that "[t]he mere awareness of EraNova's capabilities could put its personnel at risk," *id.* at 12. Plaintiffs further argue that the balance of hardships tip sharply in their favor because plaintiffs face existential business threats and personal safety risks, whereas "[a]ny hardship to [d]efendant is self-imposed through his unlawful actions." *Id.* at 13. Finally, plaintiffs argue that the public interest is served by protecting intellectual property rights, preventing misappropriation of technology, protecting individuals from "risks associated with unwanted attention from powerful actors," and supporting private development of advanced technology. *Id.*

The Court does not reach the four *Winter* factors because as an initial matter, the procedural requirements for issuing a temporary restraining order without notice or a preliminary injunction are not met. Plaintiffs' motion for temporary restraining order and preliminary injunction includes neither a certificate of service nor a showing of efforts made to give notice and the reasons that notice should not be required in this case. Moreover, the circumstances of this case are not among the "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc.*, 452 F.3d at 1131. Notice to defendant is not impossible. Although plaintiffs have not yet served defendant or given him notice of the motion, plaintiffs list defendant's address in the complaint. If plaintiffs provided notice to defendant, it

4

would not render fruitless further prosecution of the case.  Plaintiffs have not alleged that defendant would take any steps to frustrate the purpose of this action if given notice.  Accordingly, the Court denies this motion.

**D.      Motion to Seal**

Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). As a result, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

A party seeking to seal a judicial record "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (alterations and citations omitted).  The court must then "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).  The court has discretion to determine whether compelling reasons exist; examples include where judicial records "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (internal quotation marks and alterations omitted).

Plaintiffs seek to seal the entire case for 45 days, arguing that public filing of this case would create immediate risks by revealing the current location of the technology at issue and details of its development, implementation, and capabilities.  Plaintiffs argue that the requested 45-day seal would allow plaintiffs to implement appropriate security measures before "personal safety risks materialize for the individuals involved," including "targeting attempts" by foreign intelligence agencies.  Ex Parte Mot. to Seal the Case for 45 Days, ECF [2], at 3.  Additionally, plaintiffs seek to permanently seal their application to proceed *in forma pauperis* on the grounds that the financial information contained therein "could provide data useful for targeting or coercion attempts" or "reveal operational patterns and vulnerabilities." *Id.* at 4.

Plaintiffs fail to present any compelling reasons or factual findings to support either

request. Plaintiffs make only speculative, conclusory assertions that they will be subject to safety risks or targeted by alleged foreign actors. Moreover, nothing in the current record, including plaintiffs' application to proceed *in forma pauperis*, reveals any proprietary or confidential information regarding the trade secrets at issue. Because plaintiffs do not articulate any compelling reasons to seal, they cannot overcome the presumption in favor of public access to judicial records. *See Kamakana*, 447 F.3d at 1178-79. Accordingly, the Court also denies this motion.

## CONCLUSION

For the foregoing reasons, plaintiffs' Complaint, ECF [1], is DISMISSED, and plaintiffs' Ex Parte Motion to Seal the Case for 45 Days, ECF [2], and Motion for Temporary Restraining Order and Preliminary Injunction, ECF [4], are DENIED. Plaintiffs' Application for Leave to Proceed In Forma Pauperis, ECF [3], is DENIED with leave to renew as to plaintiff Shita only. Plaintiffs may file an amended complaint within thirty (30) days of this Order if plaintiffs can cure the defects identified above, including by retaining counsel for plaintiff EraNova and paying the filing fee or by bringing this case in plaintiff Shita's name alone. If an amended complaint is not filed with thirty days of this Order, the action will be dismissed.

IT IS SO ORDERED.

DATED this 21st day of January, 2025.

                                                        Adrienne Nelson
                                                        United States District Judge