IN THE CIRCUIT COURT OF THE STATE OF OREGON

FILED 05 FEB '25 12:57 USDC-ORP

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MOUNIR SHITA, | ) Case No. 3:25-CV-00051-AN |
| | ) |
| Plaintiff, | ) |
| | ) AMENDED COMPLAINT FOR: |
| v. | ) (1) TRADE SECRET MISAPPROPRIATION; |
| | ) (2) CONVERSION; |
| STEVEN TAYLOR ("Steve") | ) (3) BREACH OF FIDUCIARY DUTY; |
| | ) (4) TORTIOUS INTERFERENCE |
| Defendant, | ) |
| | ) |
| _____ | ) |

**IMMEDIATE EX PARTE HEARING REQUESTED**

**NOTICE WOULD ENABLE DESTRUCTION OF EVIDENCE AND IRREVERSIBLE HARM**

Plaintiff Mounir Shita ("Plaintiff"), proceeding pro se, hereby submits this Amended Complaint against Defendant Steven Taylor ("Defendant") and alleges as follows.

IMMEDIATE EX PARTE HEARING IS REQUIRED based on:

1. New evidence (Exhibit K, dated February 4, 2025) showing Defendant is actively recruiting developers to implement Plaintiff's trade secret AGI technology;

2. Defendant's documented pattern of retaliatory conduct, including threatening $1.5 million in penalties specifically to prevent legal protection of trade secrets (Exhibit D);

3. Evidence that Defendant's systems have already been compromised (Exhibit J), creating immediate risk that any notice would trigger destruction or transfer of evidence relevant to both civil and criminal proceedings;

4. The irreversible nature of trade secret disclosure - once Defendant shares the technology with recruited developers, no subsequent court order can undo the damage.

PRELIMINARY STATEMENT

1. This action arises from Defendant's misappropriation of Plaintiff's proprietary Artificial General Intelligence ("AGI") technology, which has been validated at the highest levels of the U.S. intelligence community as a transformative innovation with profound national security implications.

2. As of February 4, 2025, Plaintiff has obtained concrete evidence (Exhibit K) that Defendant is actively recruiting software developers to implement Plaintiff's AGI technology, creating an urgent need for immediate court intervention to prevent irreversible disclosure of trade secrets.

3. Ex parte relief is necessary because Defendant has already demonstrated through his December 18, 2024 email (Exhibit D) that notice of legal proceedings will trigger retaliatory actions including threatened financial penalties. Given Defendant's documented pattern of retaliation and current recruitment of developers, notice would enable him to: a. Accelerate disclosure of trade secrets to third parties before the Court can intervene; b. Destroy or conceal evidence relevant to both civil and criminal proceedings; c. Transfer sensitive files beyond the Court's reach; d. Execute threatened retaliatory measures.

4. In compliance with the Court's January 21, 2025 Order, Plaintiff brings this action solely in his individual capacity as the creator and owner of the AGI technology. The situation has escalated significantly since the Court's previous ruling, with Defendant now taking concrete steps toward unauthorized disclosure of trade secrets to third parties.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c) because this action arises under the Defend Trade Secrets Act, a federal statute. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because he resides in Oregon and has conducted substantial business activities within Oregon through EraNova Global.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because: a. Defendant resides in this district; b. A substantial part of the events giving rise to these claims occurred in this district; c. The technology at issue, while utilized via the Internet and having global reach, was developed and maintained within this district.

PARTIES

6. Plaintiff Mounir Shita is an individual residing in Portland, Oregon. Plaintiff is the sole creator and owner of the AGI technology at issue.

7. Defendant Steven Taylor is an individual residing in Oregon. Until his termination in December 2024, Defendant was involved with EraNova Global, a corporation Plaintiff formed to potentially commercialize the AGI technology.

OWNERSHIP OF INTELLECTUAL PROPERTY

8. Plaintiff is the sole creator and owner of the AGI technology, having developed it over 27 years of continuous research beginning at the University of South-Eastern Norway and continuing through independent research in the United States.

9. While Plaintiff incorporated EraNova Global in November 2024 as a potential vehicle for commercialization, no formal transfer of intellectual property rights was ever

executed. Plaintiff retained full ownership of all intellectual property, including the AGI technology and related trade secrets.

10. The AGI technology remains Plaintiff's personal intellectual property, separate and distinct from any corporate entity. This ownership is evidenced by: a. Plaintiff's 2023 book "Science of Intelligence" documenting the theoretical foundations; b. Plaintiff's 2022 presentation at the International Conference for Advanced Research in Applied Science, Engineering, and Technology (ICARASET); c. Documentation of Plaintiff's continuous development spanning multiple decades and predating EraNova Global's formation by years.

FACTUAL BACKGROUND

11. Over 27 years, Plaintiff developed a revolutionary approach to AGI based on quantum mechanics and general relativity theories, distinctly different from current mainstream AI approaches.

12. The technology's significance was validated in March 2018 when a GS-15 counterintelligence officer took the extraordinary step of bypassing military chain of command to alert former CIA Director General David Petraeus, former DIA Director General Michael Flynn, and other senior intelligence officials about its strategic importance (Exhibit G).

13. In November 2024, Plaintiff incorporated EraNova Global to explore commercialization opportunities while maintaining personal ownership of all intellectual property.

14. Defendant joined EraNova Global as a co-founder but was never granted any ownership rights to the underlying AGI technology.

15. In December 2024, disagreements arose regarding company direction, leading to the following sequence of events: a. December 15, 2024: Plaintiff proposed two potential paths forward (Exhibit A); b. December 16, 2024: Defendant responded with unauthorized demands (Exhibit B); c. December 18, 2024: Plaintiff terminated Defendant's involvement (Exhibit C); d. December 18, 2024: Defendant threatened $1.5 million in retaliatory penalties if Plaintiff sought legal protection (Exhibit D); e. December 20, 2024: Plaintiff issued final warning regarding trade secrets (Exhibit E); f. December 20, 2024: Defendant falsely claimed ownership rights (Exhibit F).

16. Recent developments demonstrate imminent risk of irreparable harm: a. January 24, 2025: Evidence emerged that Defendant's system was compromised, revealing confidential information (Exhibit J); b. February 4, 2025: Plaintiff received confirmation that Defendant is actively recruiting third parties to work on the AGI technology (Exhibit K).

COUNT I - VIOLATION OF DEFEND TRADE SECRETS ACT AND RELATED FEDERAL STATUTES (18 U.S.C. § 1836, et seq.)

17. Plaintiff incorporates by reference all preceding paragraphs.

18. Plaintiff's AGI technology constitutes trade secrets within the meaning of 18 U.S.C. § 1839(3) because: a. It derives independent economic value from not being generally known or readily ascertainable; b. Plaintiff has taken reasonable measures to maintain its secrecy; c. The technology is used in interstate commerce through Internet-based applications; d. The technology has been specifically validated by senior U.S. intelligence officials as having strategic significance (Exhibit G).

19. Defendant has misappropriated these trade secrets by: a. Retaining them after termination of his authority; b. Attempting to assert unauthorized ownership; c. Planning to disclose them to third parties including "Randy" (Exhibit K); d. Threatening retaliatory penalties specifically designed to prevent legal protection of trade secrets (Exhibit D).

20. Defendant's conduct appears to satisfy the elements of criminal trade secret theft under 18 U.S.C. § 1832, demonstrating the seriousness of his actions, specifically: a. Intentional unauthorized possession of trade secrets; b. Intent to convert trade secrets to his economic benefit; c. Knowledge that his actions would injure the trade secret owner.

21. While criminal enforcement of 18 U.S.C. § 1832 is reserved for law enforcement authorities, Defendant's conduct meeting the elements of criminal trade secret

theft underscores the willful and malicious nature of his civil violations under 18 U.S.C. § 1836.

22. Plaintiff has reported Defendant's apparent criminal conduct to the Federal Bureau of Investigation, highlighting the gravity of this misappropriation.

23. Defendant's actions violate 18 U.S.C. § 1836 and threaten immediate, irreparable harm to Plaintiff that cannot be adequately compensated through monetary damages alone.

## COUNT II - CONVERSION

21. Plaintiff incorporates by reference all preceding paragraphs.

22. Plaintiff has the right to possession of all AGI technology, related documentation, and trade secrets.

23. Defendant has wrongfully exercised dominion over Plaintiff's property by: a. Refusing to return materials containing trade secrets; b. Claiming unauthorized ownership rights; c. Attempting to transfer or license the technology to others.

24. Defendant's actions constitute conversion under Oregon law and have caused Plaintiff substantial damages.

## COUNT III - BREACH OF FIDUCIARY DUTY

25. Plaintiff incorporates by reference all preceding paragraphs.

26. As a co-founder of EraNova Global, Defendant owed fiduciary duties to both the company and Plaintiff.

27. Defendant breached these duties by: a. Attempting to usurp corporate opportunities; b. Engaging in self-dealing; c. Acting contrary to Plaintiff's interests regarding the AGI technology.

28. These breaches have caused and continue to cause Plaintiff substantial harm.

COUNT IV - TORTIOUS INTERFERENCE

29. Plaintiff incorporates by reference all preceding paragraphs.

30. Plaintiff had business relationships and expectancies regarding the AGI technology.

31. Defendant intentionally interfered with these relationships by: a. Making false claims of ownership; b. Attempting to redirect business opportunities; c. Threatening to disclose trade secrets to third parties.

32. Defendant's interference has caused Plaintiff substantial damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. Temporary, Preliminary, and Permanent Injunctive Relief:

1. Enjoining Defendant and all persons acting in concert with him from: a. Using, disclosing, or misappropriating Plaintiff's AGI technology or other trade secrets; b.

    Developing or recruiting others to develop the AGI technology; c. Destroying, transferring, altering, or concealing any materials containing Plaintiff's trade secrets.

2. Requiring Defendant to: a. Immediately relinquish any claim of authority over Plaintiff's technology; b. Return all materials containing trade secrets; c. Identify all third parties who received or were offered access to the technology.

B. Monetary Relief:

1. Actual damages in an amount to be proven at trial;

2. Exemplary damages for willful and malicious misappropriation;

3. Disgorgement of any profits or benefits obtained through misappropriation;

4. Pre-judgment and post-judgment interest;

5. Costs of suit.

C. Such other relief as the Court deems just and proper.

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED: February 4, 2025

Respectfully submitted,

*[signature]*

Mounir Shita

Pro Se Plaintiff

15741 NW Central Dr., Unit D201

Portland, OR 97229

Email: mounir@eranovaglobal.ai

Phone: 971.491.6407